# Commonwealth, Appellant, *v.* G. W. Ellis Company.

*Taxation—State taxes—Corporations—Foreign corporations— Capital stock—Capital employed in Pennsylvania.*

Bills and accounts receivable of a foreign corporation do not necessarily indicate capital actually employed wholly within this State and cannot be made the basis for a settlement of a bonus due the Commonwealth on increase of capital under the Act of May 8, 1901, P. L. 150.

Argued May 21, 1912.    Appeal, No. 8, May T., 1912, by plaintiff, from judgment of C. P. Dauphin Co., No. 28, Commonwealth Docket, 1910, in case of Commonwealth of Pennsylvania v. G. W. Ellis Company.    Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.    Affirmed.

Account settled by Auditor General and State Treasurer for bonus on capital stock employed in the State.

McCARRELL, J., filed the following opinion:

The accounting officers of the Commonwealth on September 3rd, 1909, settled an account under the Act of May 8th, 1901, against the defendant company for bonus on increase of its capital.  The defendant company appealed.  Trial by jury has been waived in pursuance of the provisions of the Act of April 22nd, 1874, P. L. 191.  From the testimony submitted, we find the following:

## STATEMENT OF FACTS.

The defendant was incorporated in the State of New Jersey, January 5th, 1905, and began business in Pennsylvania May 1st, 1905.  Its principal place of business is in Pennsylvania and it transacts in New Jersey only such business as is necessary to comply with the pro-

visions of its charter.   It paid bonus on $60,000.00, be-
ing the amount of capital employed wholly within the
State.   On August 10th, 1909, the defendant company,
by it president, returned an increase in the amount of
capital employed in Pennsylvania during the year end-
ing November 1st, 1908, of $10,069.90.   It had previous-
ly reported the capital employed at $50,681.05, making
a total of $60,750.95.   Having paid a bonus on $60,-
000.00, the defendant company contended before the
Auditor General that it was liable to bonus only upon
$750.95.   The Auditor General, by reference to the cap-
ital stock report of the defendant company for the
same year, found an item of bills and accounts receiv-
able amounting to $135,303.78, and settled a bonus tax
against the corporation defendant on $74,303.00 as an
increase of capital invested wholly within the State,
over and above the former $60,000.00.   From this settle-
ment the defendant company has appealed.   The ques-
tion to be determined here is, are bills and accounts re-
ceivable by the defendant corporation capital employed
wholly within the State of Pennsylvania so as to ren-
der the defendant company liable for payment of bonus
thereon?

### DISCUSSION.

The defendant company, by its bonus report for 1908,
stated that the amount of its capital wholly employed
in the State of Pennsylvania was $60,750.95.   It had
already paid a bonus upon the sum of $60,000.00, and
admitted its liability to pay a bonus on $750.95.   The
Commonwealth contended that it was liable for a bonus
on $74,303.00, in addition to the amount upon which
the bonus had previously been paid.   Mr. Hause in
his testimony, says:

"The basis for the bonus settlement is found in the
capital stock report for 1908.   It is made up of bills
and accounts receivable almost entirely amounting to
$135,000.00.   The company having paid on $60,000.00,

the settlement was made on the difference between $60,-000.00 and $135,000.00, and afterwards resettled for reasons set forth in an affidavit by counsel for the corporation on $74,303.00."

This also appears from the report and bonus settlement originally made September 3rd, 1909.

The capital stock report for 1908, to which Mr. Hause refers, states the bills and accounts receivable to be $135,303.78. It also states that the bills and accounts payable amount to $122,134.53. The settlement for capital stock tax made upon the same day, as the bonus settlement, shows that the actual value of the entire capital stock was fixed at $60,750.00. The bonus report, and capital stock report as well, show that the authorized capital of the company was $100,000.00, and the amount actually paid in thereon $75,000.00. This bonus settlement for an increase on capital wholly employed in Pennsylvania, indicates that the entire amount of capital thus employed is $134,303.00, or more than double the actual value of the company's entire capital stock.

The bills and accounts receivable certainly do not represent capital actually employed wholly within the State of Pennsylvania. This may indicate to some extent the volume of business done by the corporation in the State, but the bonus is not payable upon the volume of business from year to year, but on capital actually employed within the State. Bills payable, as already stated, appear from the same report to have been $122,134.53, which is $13,169.65 less than the amount of bills and accounts receivable. These figures indicate. that its income from bills and accounts receivable, or from business done, is slightly in excess of bills and accounts payable, and do not indicate in any way the amount of capital actually employed in the conduct of the business. Money due the defendant company either upon note or open account is not money or capital actually employed. When collected it can be used or

employed for any corporate purpose, but not until it has been actually collected.

If the settlement made for that year, based upon the actual cash value of the capital of the company, is accurate, and it must be so assumed, then, as already stated, the conclusion that the company has actually employed wholly within the State capital amounting to $134,303.00 must be erroneous.

Defendant is a corporation of the State of New Jersey and the situs of its bills and accounts receivable would legally be in that State and not in the State of Pennsylvania. There is nothing to indicate whether or not the persons owing the several items included in the bills and accounts receivable are residents of Pennsylvania or nonresidents. The money due thereon is apparently being used by the debtors of the defendant company for their own purposes, and not by the defendant company in any way.

It seems to us manifest that the bills and accounts receivable, which have been made the basis for the settlement of the bonus in this case, do not necessarily indicate capital actually employed wholly within the State, and that the settlement of the accounting officers is erroneous. From the testimony submitted, including the reports for bonus and in regard to capital stock, it seems to us clear that the defendant company is not liable to the payment of any additional bonus, excepting only on the sum of $750.95. We have, therefore, reached the following:

### CONCLUSIONS.

(1) The Commonwealth is not entitled to recover the amount of bonus fixed by the settlement in this case upon the alleged increase of capital actually employed within the State, amounting to $74,303.00, and is therefore not entitled to judgment against the defendant therefor.

(2) The defendant company admits that it has not paid the bonus upon $750.95 of its capital actually employed in the State, and we therefore direct that judgment be entered in favor of the Commonwealth and against the defendant for one-third of one per cent. upon that amount, viz: for the sum of two and 51-100 ($2.51) dollars, unless exceptions be filed within the time limited by law.

*Error assigned* was the decree of the court.

*Wm. M. Hargest,* Asst. Deputy Attorney General, with him *John C. Bell,* Attorney General, for appellant. —Whenever this, or similar acts, have been before the courts, it has been determined that property and capital are synonymous terms with reference to the imposition of a tax bonus upon a foreign corporation: Commonwealth v. Standard Oil Company, 101 Pa. 119; Com. v. Mining Company, 1 Dauphin Co. 85; Com. v. Tonopah Mining Co., 12 Dauphin Co. 95; Com. v. Improvement Co., 6 Dauphin Co. 103.

Bills receivable are property or capital: Blackstone v. Miller, 188 U. S. 189 (23 Sup. Ct. Repr. 277); Liverpool & London & Globe Ins. Co. v. Orleans Assessors, 221 U. S. 346; New Orleans v. Stemple, 175 U. S. 309 (20 Sup. Ct. Repr. 110); Com. v. Mining Co., 12 Dauphin Co. 91.

*Ehrman B. Mitchell,* for appellee.

PER CURIAM, July 2, 1912:

The judgment is affirmed on the opinion of Judge McCARRELL.