## Commonwealth *v.* Schwarzschild, Appellant.

*Taxation—Foreign corporations—Capital—Bonus—Act of May 8, 1901, P. L. 150.*

The bonus imposed on the capital of a foreign corporation by the Act of May 8, 1901, P. L. 150, is upon its capital or property actually employed within this State and not upon the proportionate value of the company's stock here employed.

Argued May 21, 1917. Appeal, No. 11, May Term, 1917, by defendant, from judgment of C. P. Dauphin County, Commonwealth Docket, No. 387, 1911, on case submitted without jury in case of Commonwealth of Pennsylvania v. Schwarzschild & Sulzberger Company of America. Before Brown, C. J., Mestrezat, Potter, Stewart, Moschzisker, Frazer and Walling, JJ. Affirmed.

Appeal by foreign corporation from settlement of account by auditor general and State treasurer.

The facts appear by the following opinion by McCarrell, J.:

Trial by jury has been duly waived in this case. From the testimony submitted we find the following

STATEMENT OF FACTS:

The defendant was incorporated February 10, 1904, under the laws of the State of New Jersey. It began business in Pennsylvania October 26, 1909, and filed a report May 11, 1911, for the purpose of having settled the amount of bonus it was required to pay. This report showed that its capital stock was $250,000, $100,000 of which was issued as preferred stock. The report further claimed that the amount of capital stock wholly employed in Pennsylvania was $53,275, and that during the year ending November 30, 1910, the average amount of stock in trade carried in Pennsylvania was $245,000. The accounting officers contending that the bonus was to be computed on the amount of capital employed in Pennsylvania fixed this amount, based upon statements contained in the company's report as to the value of its capital stock for the same year at $685,706, and charged the company with a bonus of one-third of one per cent. thereon, amounting to $2,285.69. This settlement was made September 25, 1911, and the defendant duly appealed therefrom.

The defendant company contends that the bonus is based upon the proportionate amount of the value of the company's capital stock employed in Pennsylvania, and claims that this proportion is $53,275. The defendant has paid a bonus of $177.58, based upon this contention. The question now to be determined is whether the bonus is to be computed upon the proportionate value of the capital stock of the defendant company employed in Pennsylvania, or upon the amount or value of capital employed wholly within the State.

DISCUSSION.

The Act of May 8, 1901, P. L. 150, under which the settlement in this case was made provides that foreign corporations "shall pay to the State treasurer for the

132 COMMONWEALTH *v.* SCHWARZSCHILD, Appel.

use of the Commonwealth a bonus of one-third of one per cent. upon the amount of their capital actually employed or to be employed within the State of Pennsylvania, and a like bonus upon each subsequent increase of capital so employed." The bonus is upon the amount of capital actually employed or to be employed. The act makes no mention of capital stock except to inquire the amount of the authorized capital stock of the company. The language of this statute differs from the statutes relating to bonus on domestic corporations.

The Act of May 1, 1868, P. L. 108, 113, Sec. 15, relating to domestic companies, directs the payment of "a bonus of one-quarter of one per cent. upon the amount of capital stock which said company is authorized to have." All our subsequent statutes relative to bonus payable by domestic corporations (to wit: April 18, 1874, P. L. 61.; April 29, 1874, P. L. 73; May 7, 1889, P. L. 115; June 15, 1897, P. L. 155; May 3, 1899, P. L. 189) impose it upon the capital stock, and the Acts of June 15, 1897, P. L. 155, and May 3, 1899, P. L. 189, require payment of a bonus of one-third of one per cent. upon the amount of capital stock which the company is authorized to have and a like bonus upon any subsequent increase thereof.

The Act of May 8, 1901, P. L. 150, already referred to is the original act requiring the payment of bonus by foreign corporations doing business in this State. The act does not require any investigation as to the value of the capital stock and it does not ask for information necessary to enable the value of its capital stock to be accurately ascertained. The application or report requires only a statement, as follows:

1. The state or country in which incorporated or created.

2. The date of incorporation or organization.

3. The location of its chief office in this State.

4. The name and address of its president and treasurer.

5. The amount of its bonded indebtedness.

6. The amount of its authorized capital stock.

7. The amount of capital paid in.

8. The amount of capital employed wholly in the State of Pennsylvania.

These matters are very different from what is required from corporations making reports for the purpose of having the actual value of capital stock ascertained for the purpose of taxation. Here there is no inquiry as to the gross earnings of the corporations, its net earnings, total amount of its business or property, the dividends paid, or the prices at which sales of stock have been effected. The acts already referred to with respect to domestic corporations require the payment of bonus not upon capital employed, but upon the authorized capital stock of the corporation. The act we are here considering imposes the bonus not upon capital stock but upon capital actually employed within the State. If the legislature intended that the bonus was to be paid on the value of the capital stock it is strange that the language of the acts imposing bonus upon domestic corporations was not followed. Bonus is payable only once, unless there be an increase of capital stock or capital employed. Domestic corporations naturally pay the bonus upon the authorized capital, and this is payable at the creation of the corporation and before the investment of capital has resulted in profitable management and an increase in the actual value of the shares of capital stock. According to the report of the defendant company, which was offered in evidence here with respect to the value of its capital stock for the year 1910, it appears that the value of the proportion of its capital stock employed in Pennsylvania was $53,275. The value of real property employed in Pennsylvania was $180,-951.60. Its cash and current assets were $340,688.18. Its merchandise was $163,066.69. Its liabilities in Pennsylvania were $632,431.47. Capital may be either cash or property, real or personal, and from this report the company apparently had employed ·in Pennsylvania

property and merchandise amounting to $344,018. The
cash and current assets mentioned in this report are un-
certain in their character and no testimony was offered
by the Commonwealth to indicate particularly what
amount of cash was in Pennsylvania, in what way it was
used, or of what the current assets consisted. Under
this may have been included bills receivable and current
accounts. If so, according to the decision in the case of
Commonwealth v. G. W. Ellis Co., 237 Pa. 328, this item
cannot be considered as any part of the basis for bonus
settlement. In this case it is said, page 330:

"The bills and accounts receivable certainly do not
represent capital actually employed wholly within the
State of Pennsylvania. This may indicate to some ex-
tent the volume of business done by the corporation in
the State, but the bonus is not payable upon the volume
of business from year to year, but upon capital actually
employed within the State."

From the capital stock report for the year 1910, it ap-
pears that the total value of all the assets of the com-
pany was $3,217,737, and the value of all the assets in
Pennsylvania was $685,706. From these figures it ap-
pears that 685,706/3,217,737 of $250,000, being the
whole capital, amounts to $53,275; upon which sum
alone the defendant contends it is liable for bonus. If
the bonus can properly be based upon this proportionate
value of the capital stock employed, the company would
be permitted apparently to have and actually employ in
Pennsylvania capital of a very much larger amount
without payment of any bonus. There can be no doubt
that the company had in Pennsylvania and was actually
employing or using property of the value of $344,018.
The Act of 1901, by its terms seems to require that the
bonus shall be paid upon this amount. It is true that
the terms "capital" and "capital stock" are sometimes
properly regarded as synonymous terms. Capital is the
money contributed for corporate purposes and may be
expended for any proper corporate use. When invested

in property it becomes capital stock, which is issued in shares to the stockholders in proportion to their respective contributions of capital. The value of capital stock is therefore primarily the value of the corporate property. Successful corporate activity naturally will increase the market value of the shares and cause them to sell in the market for more than par. Unsuccessful operation will naturally lower the market value. The value of the capital stock is presumably the value of all the property owned by the corporation, unless there be indebtedness, and indebtedness must necessarily be considered in estimating the market value. Whether or not the total indebtedness should be deducted from the market value or par value of the stock requires careful consideration in each case. The practice has been not to deduct it absolutely, but to give it such consideration as in the judgment of the court it deserves to have in fixing the market value of the stock. The five mill tax on the value of capital stock is always ascertained and adjusted in this way, because the tax is by the terms of the taxing statute imposed upon the market value of the stock as ascertained by sales made between certain limited periods and from the consideration of all relevant facts bearing upon the question of value. The bonus, however, according to the terms of the Act of May 8, 1901, is payable not on the value of capital stock, but upon the amount of capital actually employed in Pennsylvania, and the inquiry in every case of that kind is simply as to the amount of capital employed in the State, which, as a general rule will be found to be the actual cost or value of the property within the limits of the State. There is no question as to the value of the corporate franchise of a foreign corporation in ascertaining the basis for the bonus to be paid in Pennsylvania. The franchise of the corporation has been granted by the State which created it, and we cannot tax the value of a franchise or consider it in adjusting the bonus paid for the privilege of doing business in Pennsylvania.

The bonus upon our domestic corporations, while nominally ascertained by the amount of capital stock, does not provide for any inquiry as to the value of the capital stock. It is fixed by the amount of authorized capital and is payable on the amount originally authorized and upon any subsequent increase of the amount. This of course, makes the nominal value of capital stock the basis for the bonus. At the beginning of corporate existence the amount of capital, whether contributed in cash or in property is the amount upon which the bonus is computed. To permit fixing the value of capital stock as a basis for the bonus to be paid by domestic corporations and the value or amount of capital employed in the State to be made the basis for the bonus of a foreign corporation would apparently lead in some cases to discriminations, which we cannot presume were intended to be made by the legislature. The language of the Act of 1901 imposes the bonus upon the amount of capital actually employed and the failure to provide in the statute any inquiry as to facts from which the value of capital stock could be accurately ascertained, as also the other matters herein referred to, lead us to adopt that construction of the act which makes the basis for the bonus the amount of property employed in the State. This means the value of the property and not the value of stock aided by franchises and other matters affecting value. In the present case we therefore have reached the following

CONCLUSION:

The amount of capital employed wholly within the State by the defendant company was:

Real property, ..............$180,951.60
Merchandise, ................ 163,066.69
——————— $344,018.29
The bonus of one-third of one
per cent. upon this amount
is ......................$ 1,146.72

| | |
|---|---:|
| The defendant company has paid on account of bonus.... | 177.58 |
| Balance of bonus,............$ | 969.14 |
| Interest Nov. 25, 1911, to Nov. 17, 1916, ................. | 288.86 |
| $ | 1,258.00 |
| Attorney General's commission, 5 per cent., ........... | 62.90 |
| Amount now due Commonwealth, .................$ | 1,320.90 |

We, therefore, direct that judgment be entered in favor of the Commonwealth and against the defendant for the sum of $1,320.90, unless exceptions be filed within the time limited by law.

Exceptions to the findings were dismissed and judgment was entered for plaintiff. Defendant appealed.

*Error assigned* was in dismissing exceptions to various findings of the trial judge.

*Paul G. Smith,* of *Snodgrass & Smith,* with him *John W. Jacobs,* for appellant.

*William M. Hargest,* Deputy Attorney General, with him *Francis Shunk Brown,* Attorney General, for the Commonwealth.

PER CURIAM, June 30, 1917:

The correct conclusion of the learned court below was that the bonus imposed by the Act of May 8, 1901, P. L. 150, is upon the capital or property of a foreign corporation actually employed within this State, and the judgment is affirmed, on the opinion directing it to be entered.