## Commonwealth v. Merchant Shipbuilding Corporation.

*Corporations — Foreign corporations — Merger—Bonus—Act of May 8, 1901.*

1. When one foreign corporation doing business in Pennsylvania acquires the property located in Pennsylvania of another foreign corporation doing business here, upon which bonus has been paid, the acquiring corporation is not relieved from the payment of bonus on the property so acquired.

2. Bonus is not a tax. It is the consideration for the grant of a privilege or franchise. It is strictly a statutory matter.

3. The bonus imposed upon domestic corporations is the consideration to the State for granting the charter.

4. The bonus imposed upon foreign corporations is the consideration for the privilege of doing business and using property in this State.

Act of May 8, 1901, P. L. 150, considered.

Appeal from settlement of bonus.   C. P. Dauphin Co., Commonwealth Docket, 1920, No. 77.

*W. I. Schaffer* and *George E. Alter*, Attorneys-General, and *Frank M. Hunter* and *George Ross Hull*, Deputy Attorneys-General, for Commonwealth.

*Olmsted, Snyder & Miller* and *Townsend, Elliott & Munson*, for defendant.

HARGEST, P. J., March 7, 1923.—This case comes before us on an appeal from the settlement of bonus against the defendant, pursuant to the Act of May 8, 1901, P. L. 150. A stipulation was filed, dispensing with a trial by jury, under the provisions of the Act of April 22, 1874, P. L. 109. The case was tried Dec. 8, 1920, but briefs on both sides were not presented until Jan. 4, 1923.

### Facts.

The facts which have been agreed upon we find as follows:

1. The Merchant Shipbuilding Corporation, defendant, is a corporation organized and existing under and by virtue of the laws of the State of Delaware.

2. The Chester Shipbuilding Company, Ltd., was a corporation organized under and by virtue of the laws of the State of New York.

3. Both of said corporations have been duly registered as foreign corporations doing business in the State of Pennsylvania.

4. Both of said corporations have at all times filed the annual reports required by the laws of this Commonwealth, and have heretofore paid to the State Treasurer all sums settled against them for bonus on capital employed within the State.

5. The Merchant Shipbuilding Corporation on April 17, 1918, purchased and acquired the entire issued and outstanding capital stock of the Chester Shipbuilding Company, Ltd.

6. On Aug. 4, 1919, the Chester Shipbuilding Company, Ltd., was duly merged and consolidated with the Merchant Shipbuilding Corporation, under the provisions of section 15 of the Stock Corporation Law of the State of New York, which provides as follows:

"Any domestic stock corporation and any foreign stock corporation authorized to do business in this state, lawfully owning all the stock of any other

3 D. & C.

stock corporation organized for or engaged in business similar or incidental to that of the possessor corporation, may file in the office of the Secretary of State, under its common seal, a certificate of such ownership, and of the resolution of its board of directors to merge such other corporation, and thereupon it shall acquire and become and be possessed of all the estate, property, rights, privileges and franchises of such other corporation, and they shall vest in and be held and enjoyed by it as fully and entirely and without change or diminution as the same were before held and enjoyed by such other corporation, and be managed and controlled by the board of directors of such possessor corporation, and in its name, but without prejudice to any liabilities of such other corporation or the rights of any creditors thereof." .

7. Under and by virtue of said merger, all the estate, property, rights, privileges and franchises of the said Chester Shipbuilding Company, Ltd., including tangible property located within the State of Pennsylvania to the value of $4,106,042, passed into and became absorbed by the Merchant Shipbuilding Corporation, which thereafter filed its bonus report showing capital actually employed within the State of Pennsylvania, amounting to $4,468,274, of which $4,106,042 consisted of property formerly owned by the Chester Shipbuilding Company, Ltd., on which the full bonus had theretofore been paid.

8. On April 29, 1920, the Auditor General and State Treasurer settled a bonus against the defendant corporation for the year 1919, amounting to $14,479.64, based upon $4,468,274, representing capital employed within the State by the said defendant company, including $4,106,042 of the property formerly owned by the Chester Shipbuilding Company, Ltd.

9. The defendant corporation has paid $792.83 on account of said bonus settlement and appealed from so much thereof as is based on the said sum of $4,106,042.

## Discussion.

The question here involved is this: When one foreign corporation doing business in Pennsylvania acquires the property located in Pennsylvania belonging to another foreign corporation doing business here, upon which bonus has been paid, is the acquiring corporation relieved from the payment of bonus on that property?

The Act of May 8, 1901, P. L. 150, imposing a bonus on foreign corporations, provides as follows: "That from and after the passage of this act, all corporations . . . chartered or created by or under the laws of any other state, or of the United States, or of any foreign country, whose principal office or chief place of business is located in this Commonwealth, or which have any part of their capital actually employed wholly within this State, . . . shall pay to the State Treasurer, for the use of the Commonwealth, a bonus of one-third of 1 per centum upon the amount of their capital actually employed or to be employed wholly within the State of Pennsylvania, and a like bonus upon each subsequent increase of capital so employed."

Bonus is not a tax. It is the consideration for the grant of a privilege or franchise. The bonus imposed upon domestic corporations is the consideration to the State for granting the charter: Com. *v.* Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210; Com. *v.* Erie & Western Transportation Co., 107 Pa. 112. The bonus imposed upon foreign corporations is the consideration for the privilege of doing business and using property in the State: Com. *v.* Danville Bessemer Co., 207 Pa. 302, 306; Com. *v.* American Steel Hoop Co., 226 Pa. 6, 8.

A foreign corporation exercises no franchises here. The State has no control over it and cannot impose a tax upon it except as measured by its tangible property located in the State: Com. v. G. W. Ellis Co., 237 Pa. 328; Com. v. Curtis Publishing Co., 237 Pa. 333; Com. v. Barrett Manuf. Co., 246 Pa. 301.

The imposition of bonus is strictly a statutory matter, and we must look to the statute for the solution of this question.

In Com. v. The American C. & F. Co., 203 Pa. 302, 305, Judge Simonton, on whose opinion the case was affirmed, said: "If the language of the acts is clear and unambiguous, the court is in duty bound to enforce them according to their obvious meaning, and is not at liberty to enlarge or limit their scope by any ideas it may have of what should be the policy of the legislature. This has been so often said that it is commonplace:" Bradbury v. Wagenhorst, 54 Pa. 180; Dame's Appeal, 62 Pa. 417; Hadden v. Collector, 5 Wall. 107.

The bonus imposed on foreign corporations by the Act of May 8, 1901, is upon "the amount of their capital actually employed or to be employed wholly within the State of Pennsylvania, and a like bonus upon each subsequent increase of capital so employed." The capital employed under this act is measured by the property actually employed within the State and not upon the proportionate value of the company's stock here employed: Com. v. Schwarschild & Sulzberger Co., 20 Dauphin Co. Reps. 6, 45 Pa. C. C. Reps. 6, 259 Pa. 130; Com. v. Mountain Ice Co., 16 Dauphin Co. Reps. 38.

The language of the Act of 1901 is clear and unambiguous. It imposes a bonus upon a foreign corporation for the privilege of doing business and using capital in this State, measured by the amount of property which is actually employed here, and when the amount of property is increased, there is imposed "a like bonus upon each subsequent increase of capital so employed."

It is argued that the defendant acquired the property of the Chester Shipbuilding Company, Ltd., through the processes of a merger under and by virtue of the law of New York, which is similar to the statutes of Pennsylvania for the merger of domestic corporations, and which invests in the acquiring corporation all the "estate, property, rights, privileges and franchises of such other corporations." The answer to this argument is plain. In determining what bonus should be imposed upon a foreign corporation, the Legislature of Pennsylvania has not provided that we should go to the state of its creation to ascertain the extent of its rights or franchises. The amount of bonus is measured by the property employed here, and by no other criteria. In the merger of domestic telephone corporations the law provides that "all of the corporate rights, franchises and privileges . . . possessed, held, used or otherwise exercised by the vendor corporation shall . . . become and be vested in the acquiring corporation:" Act of June 14, 1901, P. L. 566; Com. v. Consolidated Telephone Companies, 16 Dauphin Co. Reps. 112, 41 Pa. C. C. Reps. 17.

Where a corporation purchases at a judicial sale the franchises of another corporation, the Act of April 17, 1876, P. L. 33, provides that the purchasing corporation acquires all the franchises of the corporation so purchased: Com. v. Matheson Automobile Co., 16 Dauphin Co. Reps. 14, 41 Pa. C. C. Reps. 20. It is, therefore, very clear that where the bonus is the consideration paid to the State for the right to exercise franchises, when that consideration has once been paid, the right to such exercise vests in the acquiring corporation, whether by merger or purchase, without the further payment of bonus.

In the case of Com. v. Schwarschild & Sulzberger Co., 20 Dauphin Co. Reps. 6, Judge McCarrell, whose opinion was approved in a per curiam, 259 Pa. 130, 133, said: "If the legislature intended that the bonus was to be

3 D. & C.

paid on the value of the capital stock, it is strange that the language of the acts imposing bonus upon domestic corporations was not followed."

So we may say that if the legislature intended to allow a foreign corporation to be exempt from the payment of bonus for property employed in this State, when the property was acquired from another foreign corporation which had paid bonus while it was using such property, it would have been very easy for the legislature to have so provided.

In re Application of Metal Edge Box Co., 7 Dauphin Co. Reps. 296, Attorney-General Carson held that where a foreign corporation had paid bonus upon its capital employed in this State and subsequently became a domestic corporation, it was not entitled to a credit for bonus upon its capital stock to the amount of the bonus paid upon its capital employed in the State as a foreign corporation. He said (page 298):

"It is clear that both the Act of April 29, 1874, and the Act of June 9, 1881, are general laws of this Commonwealth. There is no exception made in favor of corporations domesticating—if that be the proper phrase—under the latter act. Compliance with the terms of the Act of 1881 constitute the creation of a Pennsylvania corporation under a general law of the State, and this brings the corporation entirely within the terms of the Act of May 3, 1899.

"It is no answer to this to assert that the foreign corporation, while it was a foreign corporation, paid a bonus under the Act of May 8, 1901, P. L. 150."

The situation plainly presented here is that the Merchant Shipbuilding Corporation, in the year 1919, employed within the State $4,106,042 more capital or property than it employed the year before. This brings it clearly within the language of the statute "that it must pay a bonus upon the capital so employed," "and a like bonus upon each subsequent increase of capital so employed." To liken the situation to a merger of domestic corporations, or to the purchase at a judicial sale of the franchises of a domestic corporation, would be requiring us to read something into the statute that is not found there.

## Conclusion.

For these reasons, we conclude that the defendant is liable for the bonus on the whole of its capital and property employed in the State of Pennsylvania for the year 1919.

| | |
|---|---:|
| Amount of settlement, April 29, 1920 | $14,479.64 |
| Amount paid on account | 792.83 |
| Balance of settlement due Commonwealth | $13,686.81 |
| Interest from June 28, 1920, being sixty days after date of settlement | 2,203.57 |
| Total | $15,890.38 |
| Attorney-General's commission, 5 per cent | 794.52 |
| Total | $16,684.90 |

Judgment is hereby directed to be entered in favor of the Commonwealth and against the defendant for the said sum of $16,684.90, unless exceptions be filed within the time limited by law.

From William Jenkins Wilcox, Harrisburg, Pa.