## Commonwealth *v.* Weirton Steel Co., Appellant.

*Taxation—Corporations—Bonus—Purchase of property by bond issue—Foreign corporations—Act of May 8, 1901, P. L. 150.*

1. The word "capital" as used in the bonus Act of May 8, 1901, P. L. 150, means property or assets employed within the State.

2. Where a foreign corporation purchases coal lands in Pennsylvania, paying therefore part cash and the remainder in annual installments evidenced by bonds payable to bearer and secured by a money mortgage on the property, the company is liable to a bonus tax on the aggregate amount of the purchase money paid in cash and bonds.

Argued February 6, 1923. Appeal, No. 9, May T., 1923, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1920, No. 75, for plaintiff, on case tried by court without jury, in suit of Commonwealth v. Weirton Steel Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from tax settlement. Before HARGEST, P. J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff for $6,396.25 on case tried by the court without a jury. See 25 Dauphin Co. R. 151; 10 Pa. Corporation R. 538. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Douglass D. Storey,* with him *Thorp, Bostwick & Stewart,* and *Hause, Evans & Baker,* for appellant.

*Geo. Ross Hull,* Special Attorney, with him *George W. Woodruff,* Attorney General, for appellee.

PER CURIAM, March 12, 1923:

The Weirton Steel Company, a corporation of the State of West Virginia, duly registered in the office of the secretary of the Commonwealth, on March 5, 1920, purchased a tract of coal land in Fayette County, this State, for the sum of $2,000,000, payable $300,000 cash and the balance in fifteen equal annual installments evidenced by 1,700 bonds payable to bearer and secured by a purchase-money mortgage on the property. The Commonwealth settled an account for bonus against the corporation, based on the purchase price of $2,000,000. The company concedes liability if charged on $300,000. The court below sustained the claim of the Commonwealth and from judgment entered in its favor defendant appealed.

We are in accord with the conclusion reached by the court below and affirm its judgment on the following extracts from the opinion of the learned president judge of that court. "It has been settled by a number of decisions in this court that the word 'capital' as used in the bonus Act of May 8, 1901, means property or assets employed in the State, and that the bonus is not determined upon the proportionate value of the company's capital stock here employed......It therefore follows that de-

fendant company is the owner of the coal underlying the tract of land in Fayette County and has not conveyed that land. The real estate is in the possession of the corporation. It may use it when and in such way as it sees fit. We do not think the fact that it is mortgaged offers any relief from the payment of bonus......Nor can it be successfully contended that because the money has been obtained from bondholders by giving the mortgage as security, the amount represented by such bonds secured by the mortgage is not the capital of the corporation. The capital of a corporation may be supplied both by bondholders and by stockholders......The employment contemplated by the act is not limited to the employment and use of the property purchased and owned, but extends to the investment or use of the capital in acquiring property. If this were not so, a foreign corporation could frequently have in this State without taxation a large amount of property for its corporate purposes, which was not actually being used, but which was receiving the protection of the laws of the State. To meet such a case the legislature provided that if the company's capital was invested in the property or employed in acquiring it, the capital stock represented by such capital should be subject to taxation." In this case, although defendant company "has opened no mines nor conducted any mining operations on the land,......we think the capital is just as effectually employed when used for the purchase of coal property, for future corporate uses, as it would be if the coal or land purchased were being presently put to such uses."

The judgment is affirmed.