From F. H. Laird, Beaver, Pa.

## Commonwealth v. Bigelow-Willey Motor Company.

*Foreign corporations—Bonus on capital employed in Pennsylvania.*
A foreign corporation doing business in Pennsylvania purchased real estate in Pennsylvania for the sum of $145,100.85, under and subject to a mortgage of $400,000. The corporation did not assume payment of the mortgage in the deed of conveyance, nor did it issue any separate obligation, bond, certificate or evidence of indebtedness whatsoever: *Held*, on appeal from settlement for bonus on capital employed wholly in Pennsylvania, that the corporation was liable for bonus under the Act of May 8, 1901, P. L. 150, on the sum of $545,100.85, the full purchase price of such real estate.

Appeal by a foreign corporation from settlement for bonus on capital employed in Pennsylvania. C. P. Dauphin Co., Commonwealth Docket, 1922, No. 131.

*George Ross Hull* and *John Robert Jones*, Deputy Attorneys-General, for Commonwealth.

*John W. Jacobs*, for defendant.

WICKERSHAM, J., Feb. 13, 1924.—This was an appeal by the defendant from the settlement of the account against it by the Auditor General and State Treasurer for the account for bonus on capital employed wholly in Pennsylvania for the year ending with Dec. 31, 1920, which, by agreement, was tried without a jury under the Act of April 22, 1874, P. L. 109.

The following facts have been agreed upon:

### Findings of fact.

1. The Bigelow-Willey Motor Company, appellant, is a corporation organized and existing under the laws of the State of Delaware, chartered July 8, 1913, with its principal office at Dover, Delaware. The appellant company is doing business in Pennsylvania, having qualified and registered Aug. 18, 1913. The company's name was changed Jan. 1, 1922, to Guy A. Willey Motor Company. Certificate of change of corporate name was filed in the office of the Secretary of the Commonwealth. For the year 1920 the company filed a bonus report which showed that it had capital employed in Pennsylvania during the year 1920 in amount of $377,878.76, made up of capital invested in improvements to real estate and buildings, $145,100.85; in equipment and fixtures, $22,704.18; and in merchandise, $210,073.73. Upon this amount of capital the company has paid bonus to the Commonwealth of Pennsylvania. In the bonus settlement for the year 1920, bonus of $1333.33 is charged on $400,000 in addition to the above, from which this appeal is taken.

2. During the year 1920, to wit, on May 10, 1920, appellant company acquired, by deed executed and delivered, real estate at corner of Broad and Vine Streets, Philadelphia, under and subject to an existing mortgage in amount of $400,000. This said mortgage was issued by Guy A. Willey to George Nass, Jr., et al., George Nass, Jr., surviving executor and trustee under the will of George Nass, Sr., said mortgage is dated Jan. 12, 1920, and

Commonwealth *v.* Bigelow-Willey Motor Company.

was recorded Jan. 31, 1920, in Philadelphia County in Mortgage Book "J. M. H." 1332, page 460, etc.; said mortgage is payable within ten years from the date of the mortgage, with interest, payable quarterly, at 5 per cent. for the first five years and 5.4 per cent. thereafter.

3. Appellant company, when acquiring title to the real estate as aforesaid, did not assume payment of the mortgage in the deed of conveyance from the former owner, nor did appellant company issue any separate obligation, bond, certificate of evidence of indebtedness whatsoever, either to the former owner or to the mortgagee. Appellant company has not contracted in any manner to pay the mortgage indebtedness or to refund same, and the said indebtedness is not corporate indebtedness upon which the company can be held liable to pay in a general capacity. This particular property, having been so acquired by the company, appears in its general balance-sheet at the close of the year 1920 at the full value thereof, $545,100.85, and the $400,000 mortgage appears under liabilities. The company pays interest upon this indebtedness.

### Question involved.

The sole question presented is whether the company, having acquired title to real estate of the value of $545,100.85 as aforesaid, is subject to bonus on the full value thereof as capital employed in Pennsylvania, or whether the company is subject to bonus only upon the amount of its investment in said property, to wit, $145,100.85. If the company is liable for bonus on the full value of the property, the settlement of account is correct. If it is not liable with respect to the $400,000, then judgment to be for the defendant.

### Discussion.

Section 1 of the Act of May 8, 1901, P. L. 150, under which the settlement in this case was made, provides that foreign corporations "shall pay to the State Treasurer, for the use of the Commonwealth, a bonus of one-third of 1 per cent. upon the amount of the capital actually employed or to be employed within the State of Pennsylvania, and a like bonus upon each subsequent increase of capital so employed." The bonus is upon the amount of capital actually employed or to be employed. The act makes no mention of capital stock except to inquire the amount of the authorized capital stock of the company. This is the original act requiring the payment of a bonus by foreign corporations doing business in this State. It does not require any investigation as to the value of the capital stock, and it does not ask for information necessary to enable the value of its capital stock to be accurately ascertained. In this it differs from what is required from corporations making reports for the purpose of having the actual value of the capital ascertained for the purpose of taxation. It imposes the bonus, not upon capital stock, but upon capital actually employed within the State. The bonus, according to the terms of the Act of May 8, 1901, is payable, not on the value of the capital stock, but upon the amount of capital actually employed in Pennsylvania, and the inquiry in every case of that kind is simply as to the amount of capital employed in the State, which, as a general rule, will be found to be the actual cost or value of the property within the limits of the State: Com. *v.* Schwarzchild, 259 Pa. 130.

It is agreed that the defendant acquired, by deed executed and delivered, real estate at corner of Broad and Vine Streets, Philadelphia, for the purchase price of $545,100.85, under and subject to an existing mortgage in amount of $400,000, issued by Guy A. Willey to George Nass, Jr., said mortgage being dated Jan. 12, 1920, payable within ten years from the date

thereof, with interest payable at 5 per cent., etc. The appellant company did not assume payment of the mortgage in the deed of conveyance from the former owner, nor did it issue any separate obligation, bond, certificate or evidence of indebtedness whatsoever, either to the former owner or to the mortgagee; nor has appellant company contracted in any manner to pay the mortgage indebtedness or to refund the same, and the said indebtedness is not corporate indebtedness upon which the company can be held liable to pay in a general capacity. This particular property, having been so acquired by the company, appears in its general balance-sheet at the close of the year 1920 at the full value thereof, $545,100.85, and the $400,000 mortgage appears under liabilities. The appellant company pays interest upon this indebtedness.

It is contended by the defendant that it is subject to a bonus only on $145,100.85, which sum represents the only capital of the company employed within the State; that a foreign corporation purchasing real estate subject to an existing mortgage in effect purchases only the grantor's equity in the real estate; and the value of the property in the corporation, under the Bonus Act, cannot be greater than the amount of the capital actually raised and paid. We will now proceed to examine this contention to ascertain whether it is sound.

A careful examination of the said Act of 1901 fails to disclose any provision that the indebtedness of the corporation or any indebtedness upon this particular property is first to be deducted in order to determine the amount of "capital" or "property" which is subject to the bonus charge. The question of indebtedness is expressly eliminated, as is shown by the opinion of this court in its consideration of the distinction between the bonus imposed upon domestic corporations and that imposed by the said Act of 1901 upon foreign corporations in Com. *v.* Imperial Pneumatic Tool Co., 20 Dauphin Co. Reps. 1, 26 Dist. R. 888. We quote from the opinion of President Judge Kunkel on page 3: "It is true that the bonus is imposed on the authorized capital stock of domestic companies and on the actual increase thereof, but at the time the rate of bonus is applied and the amount of bonus is fixed, the capital stock, if fully paid, or the increase thereof, and the property paid in thereon, are of the same amount or value, so that when domestic companies pay bonus on their capital stock or on the increase, they in effect pay on at least the amount or value of their assets or property or of their capital paid in. Consequently, it makes no substantial difference in their case whether the bonus be computed on the capital stock or property. But this is not so in the case of foreign companies. Usually the value of the property employed by them in this State, when the bonus is computable, is considerably greater than either the nominal or actual value of the proportion of their capital stock represented here. The actual value of the stock is affected by indebtedness and other considerations influencing value. In such instances, if 'capital' were held to mean capital stock, the basis for the computation of bonus would be more favorable to the foreign companies. We are not convinced that such a result was intended by the statute. But if the word be given its primary meaning, the basis would be practically the same for both classes of companies."

Again, quoting from Com. *v.* Schwarzchild, 259 Pa. 130, 136, this court said, per McCarrell, J.: "The language of the Act of 1901 imposes the bonus upon the amount of capital actually employed, and the failure to provide in the statute any inquiry as to facts from which the value of capital stock could be accurately ascertained, as also the other matters herein referred to, lead us to adopt that construction of the act which makes the basis for the bonus the

Commonwealth v. Bigelow-Willey Motor Company.

amount of property employed in the State. This means the value of the property, and not the value of stock, aided by franchises and other matters affecting value."

The defendant insists that the indebtedness must first be deducted from the value of the property, which the above cited case expressly denies. While it is agreed that the defendant has not assumed or agreed to pay the mortgage, the officers of the company well know that if the conditions of the mortgage are not complied with, the appellant's property will be sold to enforce payment. It must not be overlooked, also, that the appellant company pays the interest on said mortgage, and if it fails to pay said interest, foreclosure proceedings will result..

Nor does the mortgage pass title to the land; it is only a security for the payment of money. The mortgagor is the owner of the land: Shields v. Pittsburgh, 252 Pa. 74. We think the defendant, having purchased this property, is in the same position as the mortgagor who encumbered it before it was sold to the defendant.

If the defendant had paid the entire amount of purchase money in cash to its vendor and had afterwards borrowed $400,000 for the purpose of carrying on its business, the money so borrowed and used in carrying on its business would clearly be considered "capital" within the meaning of the said act of assembly. By purchasing the property under consideration for $545,100.85 "under and subject" to a $400,000 mortgage, the appellant company has accomplished the same result, and the entire sum of $545,100.85 is capital actually used and employed in the exercise of defendant's corporate purpose, and, we think, falls within the language of the statute. It would make no difference whether said sum of $400,000 was borrowed from a bank upon note and security to be used in the business of the appellant company, or whether the repayment of said loan was secured by a mortgage upon the property in question, the result would be the same. Whether the appellant company purchased the said property for $545,100.85 and afterwards borrowed $400,000 to pay the balance of the purchase money, or, as in the case at bar, it bought the property "under and subject" to the mortgage of $400,000, in either case the entire purchase value of the real estate acquired by said appellant company and used in conducting its business in Pennsylvania must be construed to be "capital" within the language of the act: Com. v. Imperial Pneumatic Tool Co., 20 Dauphin Co. Reps. 1, 26 Dist. R. 888; Com. v. Mountain Ice Co., 16 Dauphin Co. Reps. 38, 22 Dist. R. 670.

We cannot agree with counsel for appellant that this case is ruled by Com. v. National Cash Register Co., 271 Pa. 406; 23 Dauphin Co. Reps. 251. In that case the defendant, a foreign corporation, took orders for cash registers from residents of Pennsylvania, dated at the places of execution, subject to acceptance or refusal at its home office. If accepted, a cash register was delivered either from the home plant of the corporation or from one of its places of business in Pennsylvania under a bailment contract with superadded option to purchase at the end of the term. Cash registers to the number of 3482 were held in Pennsylvania under such contracts. It was held that the property in question had been employed in Pennsylvania on behalf of the defendant, and its value was properly considered in fixing the valuation of its capital stock. The contention was that "capital represented by the value of the leased machines is not employed or used here, and is, therefore, exempt;" and that seems to be the only question raised in the National Cash Register Company's case, as appears by an examination of the very able opinion of Judge Sadler, then President Judge of the 9th judicial district, and from the

*per curiam* opinion of the Supreme Court upon appeal in said case, reported in 271 Pa. 408.

The last quoted case is clearly distinguishable from the case at bar. In that case the question to be determined was whether the appellant was doing business in Pennsylvania under the terms of the contract of bailment which it had with each purchaser of a cash register. In the case at bar it is admitted the appellant is doing business in the Commonwealth of Pennsylvania; it is admitted that the property in question was conveyed to it under and subject to the mortgage. If upon foreclosure proceedings under the mortgage the proceeds of the sale of the property are insufficient to discharge the mortgage debt and the deficiency is paid by the grantor of the appellant, such grantor can legally call upon his grantee, the appellant, to indemnify him. A vendee of property taken expressly subject to a mortgage makes the debt his own, and if, on the foreclosure of the mortgage, there is a deficiency which the vendor is obliged to pay, he may recover the amount of his loss in an action against the vendee. In such a case, the words "under and subject" are to be construed as a covenant of indemnity for the protection of the grantor, and the liability of the vendee under his implied covenant is not simply *de terris*, but is coextensive with the original obligation: May's Estate, 218 Pa. 64; Greenspan v. Margolis, 70 Pa. Superior Ct. 373.

It would thus appear that the $400,000 mortgage is an indebtedness of the appellant, so far as its grantor is concerned, the mortgage being, under the facts in this case, a part of the consideration of the grant. There can be no doubt that the mortgage in question was a part of the consideration in the grant to the corporation appellant. Quoting from Greenspan v. Margolis, "the words 'under and subject' in a conveyance import that the grantee takes the land subject to the encumbrance, the amount of which has been deducted from the agreed price and the covenant to be inferred on it is that of indemnity for the protection of the grantor: Faulkner v. McHenry, 235 Pa. 298."

We think the case of Com. v. Wierton Steel Co., 25 Dauphin Co. Reps. 154, affirmed by the Supreme Court, whose opinion is reported in 277 Pa. 6, rules the case at bar in favor of the Commonwealth. In the last-quoted case it appeared that the Wierton Steel Company, a corporation of the State of West Virginia, purchased a tract of coal land in Fayette County, Pennsylvania, for the sum of $2,000,000, payable $300,000 in cash and the balance in fifteen equal annual instalments, evidenced by 1700 bonds payable to bearer, secured by a purchase-money mortgage on the property. The Commonwealth settled an account for bonus against the corporation based on the purchase price of $2,000,000. The company conceded liability if charged on $300,000. The settlement of the Commonwealth's accounting officers was affirmed and the appeal dismissed by this court, in which it was held by President Judge Hargest that:

"The fact that a foreign corporation purchasing coal in place in Pennsylvania gives a mortgage for the greater part of the purchase price does not relieve it from the payment of bonus on the sum represented by the mortgage.

"The capital of a foreign corporation is as effectually employed in Pennsylvania when it is used for the purchase of property for future corporate uses as it would be if the property purchased was actually applied to such purposes.

"In Pennsylvania, a mortgage is, both in law and in equity, only a security for the payment of money and passes no title to the land. The mortgagor is the owner of the land." See 25 Dauphin Co. Reps. 154-156.

The judgment of this court was affirmed, as we have stated, by the Supreme Court in a *per curiam* opinion, in which it quotes with approval a part of the opinion of President Judge Hargest, beginning at page 7.

Reasoning from analogy, the owner of real estate in Pennsylvania is compelled to pay county, city or borough and school taxes upon the assessed value thereof, regardless of the amount of encumbrances. Why, then, should this foreign corporation be relieved from the payment of the bonus of one-third of 1 per cent. upon the amount of its capital actually employed in the State of Pennsylvania because its real estate is encumbered?

For the reasons we have given, which appear more fully and at large in the opinions from which we have quoted, and especially in the opinion of his honor, President Judge Hargest, in Com. v. Weirton Steel Co., we think the appeal of the appellant in this case must be dismissed, and it is, therefore, so ordered.

### Conclusions of law.

We, therefore, conclude:

1. The real estate of the appellant purchased as aforesaid, of the value of $545,100.85, is subject to bonus on the full value thereof as capital employed in Pennsylvania.

2. Said real estate is subject to bonus upon the full amount of the purchase price thereof, to wit, the sum of $545,100.85.

3. The settlement of the account of the appellant by the Auditor General and State Treasurer is correct.

4. The Commonwealth is entitled to judgment as follows:

| | |
|---|---|
| Bonus on increase of capital of $400,000.... | $1333.33 |
| Interest thereon at 6 per cent., computed sixty days after June 17, 1921 | 199.33 |
| Attorney-General's commission of 3 per cent | 76.63 |
| Total | $1609.29 |

For which sum judgment is hereby directed to be entered in favor of the Commonwealth and against the defendant, unless exceptions be filed within the time limited by law.          From George R. Barnett, Harrisburg, Pa.