# THE ATTORNEY GENERAL
## OF TEXAS
Gerald C. Mann                     AUSTIN 11, TEXAS
~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL


Secretary of State                Opinion No. O-1613
Austin, Texas                     Re: Under the last paragraph
                                      of Sec. 7 of the Texas
Attention: C. P. Sanders,             Securities Act would 20%
           Securities Analyst         of the capital which is
                                      actually employed in the
                                      business be equivalent to
                                      16-2/3% of the selling
Dear Sir:                             price to the public?

  We are in receipt of your request for an opinion on the following situation:

  "I wish to request an opinion from your department involving the last paragraph of Sec. 7 of the Texas Securities Act* * *:

  " * * * . It is my interpretation that the amount of capital sought to be employed in a company is not the total selling price of the securities but the selling price less the commissions paid in disposing of the securities.

  "I computed the percentage commission to be paid in the following manner:

  Let X equal capital to be employed in the business
  .20X equal amount of commission which may be charged
Now assume selling price of $100.00 per share on an issue, therefore:
  $100.00 minus .20X equals X
  $100.00 equals X plus .20X or $100.00 equals 1.2X
  X equals $83.33 which I interpret as the amount of capital sought to be employed in the business.

"The commission, therefore, is $16.66 or
16 2/3% of the selling price of the stock. In
all cases 20% of the capital which is actually
employed in the business is equivalent to 16 2/3%
of the selling price to the public.

"I trust that I have made myself sufficiently
clear on this point and I shall appreciate an early
opinion from your department."

The last paragraph of Section 7 of Article 600a,
Vernon's Annotated Civil Statutes, i.e., Texas Securities
Act reads as follows:

"The total expenses including organization
expenses and all commission paid to salesmen
of any proposed company, as herein defined,
shall not exceed twenty per cent of the total
amount of capital sought to be employed in such
proposed company." (Underscoring ours).

The question before us is what did the Texas Leg-
islature mean by "the total amount of capital sought to be
employed in such company".

The term "capital" is ordinarily used to designate
the assets of the corporation, regardless of their source,
utilized for the conduct of the corporate business and for
the purposes of deriving gains and profits.

10 TEX. JUR. 670:
WACO NATIONAL BANK v. ROGERS, 51 Texas 606, 608;
HARRISON v. VINES, 46 Texas 15, 21;
TURNER v. CATTLEMEN'S TRUST CO., 215 S.W. 831, 832;
OPINIONS OF ATTORNEY GENERAL, Bienniel Report,
       1924-1926, p. 235.

"Broadly speaking, the capital of a corpora-
tion is the fund used by it in the conduct of its
business and from which it profits in a great
measure at least, are expected to be raised. This
fund is raised by the issue and sale of its auth-
orized capital stock." (Underscoring ours).
SOHLAND V. BAKER 58 A.L.R. 693 141 Atl. 277.

"Capital" is money contributed for corporate purposes and may be expended for any proper corporate use.

COMMONWEALTH v. SCHWARZS CHILD & SULZBERGER CO. OF AMERICA, 102 Atlantic 412, 413, 259 Pa. 130.

The "capital" of a stock company or a business has a well defined meaning. It is the fund intended to be subject to the risks of the business, the fund contributed to meet the obligations of the business, and to be repaid to the contributors only after all of the other obligations should have been satisfied.

In re DESNOYERS SHOE CO., 224 F. 372,377.

As respects property of corporation "capital" applies only to property or amounts contributed by stockholders as the fund or basis of the enterprise for which corporation was formed.

MALLEY v. OLD COLONY TRUST CO. 229 F. 523, 528.

"The capital of a corporation is the money furnished by subscribers or promoters to be used by the corporation in its business, or undertaking, while the 'capital stock' is the authorized amount of the capital to be subscribed by the stockholders and to be contributed for the corporation's purposes; the "capital' being the amount contributed, while the stock represents the capital, and stands as a guaranty to the public of the corporation's ability to meet its obligations, and is not subject to disposal at the whim of the promoters or directors. American Life Ins. Co. v. Ferguson, 134 P. 1029, 66 Or. 417."

We advance the various standard definitions of capital, because it is our opinion that the Legislature used the word capital in its ordinary meaning in the phrase "the total amount of capital sought to be employed". As such the true intent of the Legislature was that the total expenses of incorporation shall not exceed 20% of the total amount or value contributed by stockholders sought as the basis of enterprise for which the corporation was formed. The section quoted specifically provides that the commissions paid to salesmen are a portion of the total expenses which are not to

exceed 20% of the total capital. The statute does not provide for the deduction of commissions from the selling price before estimating total expenses. The plain langauge indicates the exact opposite effect. The computation of the expense allowable on the basis of the selling price of the securities carried out the legislative intent.

A statute that is plain and unambiguous if construed at all, will be interpreted literally, according to the maximum ita lex scripta est.

WINDER vs. KIND, 297 S.W. 689, aff. 1 S.W. (2d) 587;

TRIMIER vs. CARLTON, 264 S.W. 253, aff. 296 S.W. 1070.

Section 6 of Article 12 of the Texas Constitution provides:

"No corporation shall issue stock # # # except for money paid, labor done or property actually received # # #"

"The total amount of capital sought to be employed", in the legislative mind, was the total value of the money paid, labor done, and property actually received in return for the securities. As has been said before, commissions paid in disposing of the securities are a part of the total expenses not to exceed 20% of the total value or selling price of the securities.

We have given careful consideration to the argument advanced for a different construction, but are unable to agree that such was the intention of the Legislature.

It is our opinion that the phrase "total amount of capital sought to be employed" by companies within the operation of the law under Section 7 of Article 600a, Vernon's Annotated Civil Statutes, i.e., Texas Securities Act. is properly construed as the total selling price of the securities issued, and that the total expenses including organization and all commissions paid in disposing of the securities shall not exceed 20% of the total selling price of the securities.

Secretary of State, page 5, O-1613


        Trusting that we have fully answered your inquiry,
we are

                                Yours very truly

                                ATTORNEY GENERAL OF TEXAS

                                s/ Dick Stout

                                By
                                        Dick Stout
                                        Assistant


DS:ob/cg

Approved Nov. 1, 1939

s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS