### Corporations of the First Class.

*Capital stock and loan reports — Acts of June 1, 1899, July 22, 1913, July 15, 1919, July 21, 1919, and April 9, 1921.*

1. All corporations of the first class incorporated under the Act of April 29, 1874, P. L. 73, which have capital stock, excepting such as are created and operated for religious or charitable purposes, are required to make capital stock reports annually to the Auditor General and to pay the capital stock tax.

2. All corporations of the first class are required to make annual reports of their loans and to assess, collect and pay into the State Treasury the State tax on their loans.

The Acts of June 1, 1889, P. L. 420, July 22, 1913, P. L. 903, July 15, 1919, P. L. 948, July 15, 1919, P. L. 955, July 21, 1919, P. L. 1067, and April 9, 1921, P. L. 119, considered.

Attorney-General's Department. Opinion to Honorable Samuel S. Lewis, Auditor General.

HULL, Dep. Att'y-Gen., July 13, 1922.—The Attorney-General is in receipt of your communication, inquiring whether corporations of the first class, organized under the provisions of the Act of April 29, 1874, P. L. 73, are required to file annually in your office capital stock and corporate loan reports and to pay whatever taxes may appear to be due from the facts set forth therein.

Section 20 of the Act of June 1, 1889, P. L. 420, as amended by the Acts of June 8, 1891, P. L. 229, June 2, 1915, P. L. 730, and July 15, 1919, P. L. 948, provides, in part, as follows: "That hereafter, except in the case of banks, savings institutions, title insurance or trust companies, building and loan associations, and foreign insurance companies, it shall be the duty of the president, vice-president, secretary or treasurer of *every corporation having capital stock*, every joint stock association, limited partnership, and every company whatsoever, . . . to make annually, on or before the last day of February, for the calendar year next preceding, a report in writing to the Auditor General, . . . stating specifically: First, the amount of its capital stock, etc., etc."

2 D. & C.

Corporations of the First Class.

"Every corporation having capital stock," excepting such as are specifically exempted from its provisions, is required, under this section, to make report annually to the Auditor General. Corporations of the first class are not relieved, as a class, from this duty, and they may have, and many of them do have, capital stock.

Section 21 of the Act of June 1, 1889, P. L. 420, as amended by the Acts of June 8, 1891, P. L. 229, June 8, 1893, P. L. 353, June 7, 1907, P. L. 430, June 7, 1911, P. L. 673, and July 22, 1913, P. L. 903, provides, *inter alia*, as follows: "That every corporation . . . *from which a report is required under the 20th section hereof* shall be subject to, and pay into the treasury of the Commonwealth annually, a tax at the rate of 5 mills upon each dollar of its whole capital stock. . . ."

Under the provisions of this section, every corporation "from whom a report is required under the 20th section" is subject to the capital stock tax. See Com. *v.* National Cash Register Co., 271 Pa. 406. There are certain specific exemptions made, but corporations of the first class are not relieved, as a class, from the payment of the tax.

Inasmuch as the legislature in each of these sections has set forth specifically the corporations which shall be excluded from its provisions, and has not excluded corporations of the first class as such, the conclusion follows that such of them as have capital stock are required to make report and pay the capital stock tax (excepting only religious and charitable corporations, which will be referred to hereafter). "Language which relieves from taxation is to be strictly construed" (Com. *v.* Lackawanna I. & C. Co., 129 Pa. 346, 356), and "the rule is well settled that an exception in a statute excludes all other exceptions:" Erie *v.* First Universalist Church, 105 Pa. 278, 281; Miller *v.* Kirkpatrick, 29 Pa. 226; Olive Cemetery Co. *v.* Philadelphia, 93 Pa. 129.

However, all doubt of the intention of the legislature to subject such corporations to the capital stock tax was removed by the Act of June 25, 1895, P. L. 310. This act provides a method whereby corporations not for profit may obtain authority for the issuance of capital stock, and adds: "Thereafter such corporations shall be subject to the same taxation as corporations for profit."

The tax on corporate loans is imposed by section 17 of the Act of June 17, 1913, P. L. 507, as amended by the Act of July 15, 1919, P. L. 955, which provides: "That all scrip, bonds, certificates and evidences of indebtedness issued, and all scrip, bonds, certificates and evidences of indebtedness assumed, or on which interest shall be paid, *by any and every private corporation, incorporated or created under the laws of this Commonwealth,* . . . are hereby made taxable, . . . for State purposes, at the rate of 4 mills on each dollar of the nominal value thereof. . . ."

Under section 18 of said Act of 1913, as amended by Act of July 15, 1919, P. L. 958, the tax thus imposed is "collected in the same manner as the tax heretofore imposed for State purposes upon such obligations;" that is, in the manner set forth in section 4 of the Act of June 30, 1885, P. L. 193, as amended by Act of July 21, 1919, P. L. 1067, which provides, *inter alia,* as follows: "That hereafter it shall be the duty of the treasurer *of each private corporation,* . . . upon the payment of any interest on any scrip, bond, certificate or evidence of indebtedness, . . . to assess the tax imposed and provided for State purposes upon the nominal value of each and every said evidence of debt, and to report on oath annually . . . to the Auditor General; . . . and it shall be his further duty to deduct 4 mills on every dollar of the interest paid as aforesaid, and return the same into the State Treasury. . . ."

### Corporations of the First Class.

The words "any and every private corporation" and "each private corporation" are comprehensive and clear, and they include corporations of the first class. The act makes some specific exemptions, but there is none which relieves corporations of the first class as such. The conclusion follows that corporations of the first class are required to assess, deduct, report and pay over the tax imposed for State purposes upon evidences of indebtedness: Miller *v.* Kirkpatrick and other cases last above cited.

It may be suggested that corporations of the first class are not subject to the provisions of these acts because they are not created and operated for profit. It is probably for this reason that the practice of the Auditor General's Department has been not to call upon any such corporations for reports or payment of tax. In view of this practice, the suggestion deserves careful consideration. Is there any general statute exempting such corporations, or has the law established any rule of public policy which would operate to exclude such corporations from the provisions of these acts, in the absence of language specifically including them?

Article IX, § 1, of the Constitution of Pennsylvania, provides that: ". . . the general assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity."

It will be noted that this provision creates no exemptions, but merely declares what property the legislature may, by general laws, exempt: Coatesville Gas Co. *v.* Chester, 97 Pa. 476; General Assembly *v.* Gratz, 139 Pa. 497. In the exercise of the power thus given, the legislature has from time to time passed a number of acts, the last of which was the Act of April 9, 1921, P. L. 119, which exempts from "all and every county, city, borough, township, bounty, road, school and poor tax," all churches, hospitals, universities, colleges, seminaries, academies, associations, and institutions of learning, benevolence or charity, etc. While many of the institutions which are mentioned in this act may be incorporated as corporations of the first class, a comparison of the purposes set forth in the Act of 1874 for which such corporations may be formed with the institutions made exempt by the Act of 1921 discloses that there are many first class corporations which could not claim exemption thereunder. But, apart from this, it will be observed that the Act of 1921 grants no exemption from *State* taxes. See opinion of court below in General Assembly *v.* Gratz, 139 Pa. 497.

Accordingly, the Act of 1921 creates no exemption of corporations of the first class, and I have found no other act which might be deemed to create such exemption.

As to certain corporations of the first class, however, it was held in General Assembly *v.* Gratz, 139 Pa. 497, and declared again in Mattern *v.* Canevin, 213 Pa. 288, 289: "That, inasmuch as it had been the settled custom and policy from the foundation of our Commonwealth to abstain from the taxation of property held for charitable and religious purposes, such taxation would not be presumed to have been intended by the legislature, in the absence of express language clearly showing that such taxation was intended."

In order to determine to what extent the rule of those cases is applicable to the questions which you have raised, we must consider the nature of the capital stock and corporate loan taxes.

The tax on capital stock is a tax upon the property of the corporation: Com. *v.* Standard Oil Co., 101 Pa. 119. If there were any religious or charitable corporations which had capital stock, a tax upon such stock would be a

2 D. & C.

tax upon the property of the corporation. It cannot be said that the language of the act imposing the capital stock tax is "express language, clearly showing that such taxation was intended." It follows from the decisions cited above that such corporations of the first class as are created and operated for purely charitable or religious purposes are not subject to the capital stock tax.

As to other corporations of this class, it is to be observed that this tax is not a tax upon the gross earnings or receipts, net earnings or income, but upon the corporate property. The fact that corporations of the first class are not organized for profit furnishes no reason why property owned by them should not bear its share of the burden of State taxations. Country clubs, golf clubs, recreation clubs, fishing and game associations and many others avail themselves of the privilege of incorporation and of having capital stock. It would seem just and proper that they should be subject to the capital stock tax, and the language of the statutes clearly includes them.

The tax upon corporate loans, however, differs in character from the capital stock tax. It is not a tax upon the corporation or its property, but upon the holder of the bond or other obligation from whom the treasurer of the corporation, as the agent of the Commonwealth for the purpose, is required to deduct the tax at the time the interest is paid: Com. *v.* P. & R. Ry. Co., 150 Pa. 312; Com. *v.* L. V. R. R. Co., 104 Pa. 89. Accordingly, the rule in General Assembly *v.* Gratz, 139 Pa. 497, has no application to the acts imposing the tax on corporate loans, and charitable and religious corporations are not relieved from these provisions.

I, therefore, advise you:

1. That all corporations of the first class incorporated under the Act of April 29, 1874, P. L. 73, which have capital stock, excepting such as are created and operated for religious or charitable purposes, are required to make capital stock reports annually to the Auditor General and to pay the capital stock tax.

2. All corporations of the first class are required to make annual report of their loans and to assess, collect and pay into the State Treasury the State tax on their loans.                    From Guy H. Davies, Harrisburg, Pa.