Commonwealth *v.* Motors Mortgage Corporation, Appellant.

Argued May 27, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Wilbur F. Galbraith* and *Louis Caplan,* for appellant. —As a general rule, a pledge requires the delivery of possession of the thing pledged; however, as in all cases of bailment, actual delivery is not always essential, and whether or not actual delivery is essential depends on the nature and character of the business transaction, with due regard to the character of the personal property: Tradesmen's Nat. Bank v. Mfg. Co., 186 Pa. 556; Collins's App., 107 Pa. 590; Eagle v. Kunkle, 278 Pa. 190; Brown Bros. & Co. v. Billington, 163 Pa. 76; Keystone Watch Case Co. v. Bank, 194 Pa. 535; Canadian Bank of Commerce v. Baum, 187 Pa. 48.

It is not defendant's contention that the bailment is purely a lien or encumbrance but that it is a legal claim as is recognized in legislation, as the collateralization of personal property for security.

Double taxation is not necessarily wrong or unconstitutional, but when the Commonwealth sees fit to limit itself as to its right of taxing a specific type of property, the subterfuge presented in this case certainly should not be countenanced.

The tax sought to be imposed in the case at bar is in fact a tax on the property of defendant corporation which property is of the class and kind provided for in the acts, moreover it is settled law that a tax on the capital stock of a corporation is a tax on its property: Com. v. Standard Oil Co., 101 Pa. 119; Com. v. Curtis Pub. Co., 237 Pa. 333.

*Philip S. Moyer*, Deputy Attorney General, with him *Cyrus E. Woods*, Attorney General, for appellee.—The Pennsylvania statutes involved are the Act of July 15, 1919, P. L. 948, which amends section 20 of the Act of June 1, 1889, P. L. 420, as amended, and the Act of July 22, 1913, P. L. 903, which amends section 21 of said Act of June 1, 1889, P. L. 420, as amended.

Autos in question represent tangible property of appellant in Pennsylvania: Com. v. Cash Register Co., 271 Pa. 406; Leitch v. Truck Co., 279 Pa. 160; Newman v. Indemnity Co., 275 Pa. 374.

Leases in question are bailment leases and not conditional sales: Com. v. Williams, 93 Pa. Superior Ct. 92; Wendell v. Smith, 291 Pa. 247.

*Clark, Clark, McCarthy & Wagner*, for United States Acceptance Corporation, amicus curiæ.

*Louis Caplan*, of *Sachs & Caplan*, for General Motors Acceptance Corporation and C. I. T. Corporation, amici curiæ.

OPINION BY MR. JUSTICE SCHAFFER, July 1, 1929:

Defendant, a Delaware corporation registered to do business in this State, appeals from a tax settlement

made against it for capital stock taxes for the year 1923 under the provisions of the Act of July 15, 1919, P. L. 948.

Substantially as stated by the learned president judge of the Dauphin County Common Pleas, before whom the case was tried without a jury on an agreed upon statement, the facts are essentially as follows: Defendant, which was chartered, among other things, to buy, sell and deal in automobiles and investment securities, and to give financial assistance to purchasers of personal property, admits doing business in this State. The method pursued is that a customer desiring an automobile pays a dealer thirty to forty per cent of the list price and signs a bailment lease providing for monthly installments of rental wherein the dealer is designated as the lessor and the customer as lessee. The lease provides for the purchase of the automobile by the lessee at the expiration of the term upon the further payment of one dollar. Approximately ten per cent is added to the list price for financing charges and insurance. The customer delivers to the dealer a promissory note to his order for the balance due and a financial statement signed by himself addressed to the dealer and to the defendant. Defendant then pays to the dealer sixty to seventy per cent of the list price, reserving to itself the ten per cent for charges and insurance, and the bailment lease is thereupon assigned to it, the note is endorsed by the dealer to it and the financial statement turned over. The automobiles covered by the bailment leases during the year for which the taxes are levied were in the physical possession of the bailees. All of the leases, notes and financial statements were executed in this State and accepted by defendant at its office in Pittsburgh. During the year for which the tax is laid, the defendant took possession of automobiles representing $9,230.88 under the provisions of the bailment leases, and during that year it had title through assignments of bailment leases

to 2,207 automobiles located in this State valued at $606,642.40.

The controversy comes down to this: The Commonwealth contends that these automobiles represent tangible property of the defendant used in its business in Pennsylvania, whereas defendant's position is as to all the automobiles, except those which it has recaptured, in value amounting to $9,230.88, upon which it admits tax liability, that in effect its dealings and business were only those of a financial agency, a money lender, a banker as it were, holding notes with the automobiles pledged with them as collateral. This is not at all as we view the situation. In effect defendant purchased the bailment leases from the dealer, paying him the amount due on them and receiving from him the papers which accompanied the primary contract, that of bailment. But for the security which they conferred upon defendant, it would not have risked its money. It was upon the faith of our rules of law covering bailment leases that appellant came into Pennsylvania and made its investments. It would use them when to its advantage and avoid the obligations thereby incurred if it can. This we will not permit.

In principle the case is ruled by Com. v. National Cash Register Co., 271 Pa. 406. The only difference between that case and this is that the Cash Register Company itself sold the machines under bailment leases, whereas in the instant case the appellant purchased the leases from the original lessor, who had made the sale. There is no difference between the one case and the other so far as title to the machines is concerned; it remains in the bailor in each instance. As to automobiles representing in value more than $9,000, defendant actually asserted its title as bailor and its right of possession when default was made in the payments due under the terms of the bailment. As to these, liability to tax is admitted. We can see no legal difference between possession actually exercised and the potential right to exercise it un-

der the bailment. In its brief, while defendant argues that for tax purposes "Great importance need not be attached to the papers that are used" in its transactions, it is prompt to say that it does not contend that the leases are other than bailments or that it "has not a right in the event of default to immediate possession of the automobiles or that it could not maintain replevin" for them. We can very well imagine that if we took the view that the leases are in legal effect not of importance and treated them other than as bailments with all of a bailor's rights accruing to appellant, there would be consternation in its camp and in the tents of the other concerns who have filed briefs, who, while in one breath they contend that the appellant and those in whose behalf they appear are conducting a business in the nature of banking—discounting promissory notes,—are quick to say, "We admit unreservedly that these instruments are bailment leases." The contentions of appellant and those filing briefs, if sustained, would make title or ownership of the automobiles a mere fiction.

We dismiss the argument that because the State collects registration fees for automobiles, the tax here sought to be levied is double taxation with the comment that no such question was raised below and therefore cannot be raised here: Smith v. Yellow Cab Co., 288 Pa. 85; and with the further suggestion that the taxes are not of the same class, one being a license tax, the other a revenue one.

The title to the automobiles being in defendant, the conclusion is irresistible that they are being used in its business "to buy, sell and deal in automobiles."

The judgment is affirmed.