**B. F. HOFFMAN, Inc., v. RICHMAN.**

**No. 5611.**

Circuit Court of Appeals, Third Circuit.

Feb. 8, 1935.

Hiram B. Calkins, of Philadelphia, Pa., for appellant.

Wm. H. Kresch, Victor H. Blanc, Sigmund H. Steinberg, and Blanc & Steinberg, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this bankruptcy case the alleged owner of certain motortrucks prayed the court to order the trustee to deliver them to the petitioner. On reference to the referee, he reported the trucks had not been delivered on a bailment as the claimant alleged, but had been acquired by the bankrupt on a conditional sale. On hearing, the court followed the referee and dismissed the petition, whereupon the claimant appealed.

After hearing and due consideration, we have reached a different conclusion. Our reasons for so holding we now state. We start with the fact that claimant owned the trucks. There is no doubt that the parties began their negotiations with the original intent that the trucks were to be sold, but no final agreement was concluded, and, pending such negotiations, the bankrupt was undertaking to see whether he could raise the money in order to buy. Pending such negotiations, the owner delivered the trucks, and the bankrupt paid the owner $500. We are clear that up to this point neither a sale nor a bailment was agreed upon, but the trucks were delivered and the money paid over as a convenience to both parties and with a view to subsequent negotiations. Thereafter the bankrupt found it was unable to pay for the trucks and thereupon a contract of bailment, which we hold was valid under Pennsylvania decisions, was executed by both parties. We are of opinion that this written instrument of bailment, made after prior oral negotiations, evidenced the final and controlling contract of the parties. This final contract the referee and the court below sought to supersede and annul because, prior to the bailment contract, there had been oral negotiations looking to a sale. Finding, as we do, that the prior negotiations of the parties finally eventuated in the written contract of bailment, we are constrained to reverse the decree below and order the trucks to be delivered to the petitioner.