## Commonwealth v. Morris

*H. T. Rowlands* and *Frank P. Slattery*, for appellant.
*Charles Rozmarek*, for respondent.

COUGHLIN, J., January 16, 1936.—This is designated an appeal from a mercantile appraisement in Luzerne County, which is alleged to be assessed against the appellant, Edward Morris, for the year 1934, on the basis of his having done a retail business to the amount of $195,000. The appellant, in his petition, alleges that he returned $26,651.30, and alleges that in his return he set forth the following items which he claimed were not included assessable:

| | | |
|---|---:|---:|
| Bailment leases—Jewelry | $200,057.13 | |
| Bailment leases—Electrical | 52,784.38 | |
| Bailment leases—Optical | 17,780.59 | |
| Bailment leases—Repairs | 208.05 | |
| | | $270,830.15 |
| Cash sales—Optical services | $2,085.56 | |
| Cash sales—Repairing services | 6,383.55 | |
| | | 8,469.11 |
| | | $279,299.26 |

The appeal is alleged to cover the first four items, totaling $270,830.15.

The record of the hearing of the appeal is far from satisfactory; the manner in which facts are placed before the court should be such that the record discloses the facts upon which the court is asked to predicate an opinion.

The Mercantile License Tax Act of May 2, 1899, P. L. 184, and its amendments, is silent as to the pleadings in reference to taking appeals. The purpose of pleadings should never be lost sight of: the purpose is to frame issues and disputed questions of fact, if any, in order that they may be disposed of in a legal manner. Commonwealth v. Atlantic Refining Co., 28 Dist. R. 17, is re-

ferred to on this subject. The burden of establishing the question of fact, within the meaning of the act, upon which the appellant depends, rests with him, the appellant: In re Horticultural Hall, 26 Dist. R. 988.

The record of the hearing in the instant case does not appear to have been brought to a conclusion, but counsel have informed the court that no further hearing is intended. It might be well to state that briefs cannot be substituted for pleadings, and that the record must be self-sustaining in itself.

In the instant case there is no evidence upon the part of any witness, sworn or otherwise, showing the amount of the bailment leases, their subject matter, or the time when the bailments began and ended, thus enabling the court to come to a factual conclusion.

Cases cited in the appellant's brief, hereinafter set forth, do not, apparently, touch the issue here involved. Without a doubt the blank bailment lease offered in evidence is a bailment: Commonwealth v. National Cash Register Co., 271 Pa. 406; Commonwealth v. Motors Mortgage Corp., 297 Pa. 468. In re Mercantile License Tax of Pittsburgh Coal Company, 77 Pa. Superior Ct. 93, deals with sales made by a coal company of coal mined at its own mines but subsequently sold at its own yards: The question when a manufacturer becomes a dealer is involved. Commonwealth v. National Cash Register Co., supra, deals with the situs in Pennsylvania of property belonging to foreign corporations; Commonwealth v. Motors Mortgage Corp., supra, concerns a foreign corporation doing business in Pennsylvania and its liability on the capital stock tax; Knisely v. Cotterel, 196 Pa. 614, deals with the constitutionality of the act; Commonwealth v. Bailey, Banks & Biddle Co., 20 Pa. Superior Ct. 210, deals with the payment of the capital stock tax as well as the mercantile tax; Commonwealth v. Abbotts Alderney Dairies, 62 Pa. Superior Ct. 451, concerns placing a mercantile tax on a retail dealer selling its product through wagons; Atlantic Refining Co. v. Van Valken-

burg, 265 Pa. 456, involves the classification of the appellant as a dealer; Commonwealth v. Consolidated Dressed Beef Co., 245 Pa. 605, deals with the definition of a dealer as a vendor of beef.

An appeal was taken to this Court of Common Pleas of Luzerne County to no. 793, October term, 1933, from a similar assessment, wherein the parties were the same, like returns filed and similar exemptions claimed, though different in amount, for the year preceding the one here involved. An opinion therein by Valentine, J., decided that this court was without jurisdiction. The law involved here is the law involved there. It is the Mercantile License Tax Act of May 2, 1899, P. L. 184, and the amending Acts of April 30, 1925, P. L. 372, April 25, 1929, P. L. 681, and May 10, 1929, P. L. 1709. The appeal is taken under section 6 of the Act of May 2, 1899, P. L. 184, as amended by section 3 of the Act of April 25, 1929, P. L. 681. The provisions of the statute are as follows:

"The appeal shall be held by the county treasurer, acting in conjunction with the mercantile appraiser, at such date as shall conform with law in all counties, except where there is a board of mercantile appraisers, in which case the board shall hear all appeals. Any vender or dealer, subject to the provisions of this act, who is dissatisfied with the rating so made by the mercantile appraiser, shall have the right of appeal to the mercantile appraiser and county treasurer, who are required to hear him on the day so fixed for the appeal; if the vender or dealer is still dissatisfied with the finding of the county treasurer and mercantile appraiser, or board of appraisers, in reference to the proper classification of said vender or dealer, he shall have the right of appeal to the court of common pleas of the proper county, which appeal the said court is required to hear and determine within twenty days after such appeal shall be taken, or at the next sitting thereof."

This section permits an appeal to the court of common pleas in reference to the proper classification of the vendor

or dealer. In the aforesaid decision of Judge Valentine it was decided that a defendant's right to appeal, under the statute, is limited to a complaint as to the improper classification of said vendor or dealer, and that the act does not contemplate that the court shall review the conclusions of the board on the merits, or try the case de novo, and that to sustain his appeal the defendant must point to a statute permitting it. We see no reason to reverse this decision. It is admitted that the defendant is properly classed as a retail dealer, and that being true there is nothing in this record, under the law, to entitle this defendant to an appeal.

Reference is also made to the case of Commonwealth v. Reichart Furniture Co., no. 2186, August term, 1932, in the Court of Common Pleas of Westmoreland County. Herein the court said: "Therefore, clearly it follows from this language that only the question of classification can be heard on an appeal from the finding of the board". Therein a motion to dismiss the appeal was made and sustained. In the present case there was no motion to dismiss, and a letter is referred to from the State Department, indicating its willingness to have the court assume jurisdiction.

Agreements of counsel, or of the parties, cannot confer upon the court jurisdiction of the subject matter, unless one points to a statute creating such jurisdiction. We do not here state that there are no other methods of procedure on the tax, under certain circumstances, but that no questions other than classification can be determined by the court in an appeal under section 6, cited above.

There is nothing on the record from which we can find the amount taxable, other than as found by the mercantile appraiser or mercantile board. It is not denied that the defendant is properly classed as a retail dealer, and the tax is determined upon the return filed. The question the appellant seeks to raise here is whether the rental received for merchandise, sold by bailment leases, is properly taxable under the Mercantile Tax Act. The amount

returned is the volume, gross, of business done by the defendant. It consists of cash sales and rentals received under bailment leases. The appellant contends he is liable, but on the former and not upon the latter. The mercantile tax is not measured upon sales but upon the volume of gross business transacted annually. The appellant was in the retail merchandising business, and sales made at his store for cash or on credit, or secured by bailment leases, constituted the gross volume of business transacted. We find no law exempting sales made under bailment leases from the mercantile tax, and no authority has been brought to our attention by appellant. The business conducted, whether the sales were for cash or on credit, or secured by bailment leases, keeping the title in vendor as security for the payment, was one and the same business, that of a retailer. As near as we can find from the record the whole volume of business transacted annually included the goods sold under the bailment leases, and, therefore, a large part of its gross business.

This is an action between the Government and the dealer to collect a tax. The tax is levied against the retailer upon his gross volume of business. It does not involve questions of title as between vendor and vendee, or when the title passes. The question does involve an interpretation of the statute. To quote from the decision of Judge Copeland of Westmoreland County in Commonwealth v. Reichart Furniture Co., supra:

"It would be stretching sound reason to the breaking point to say that goods sold under bailment leases and rentals derived therefrom did not go to make up the whole volume of gross business transacted annually and that the . . . [income] therefrom was not the subject of the mercantile tax."

As between the Commonwealth and the individual coming within the purview of the Mercantile Tax Act, no distinction is made between cash or credit sales, or sales wherein, by agreement of the parties, security exists in the nature of a lease. They are all parcels going to make

up the whole volume of gross business transacted. A contrary opinion would result in eliminating all sales from any tax under the act, by the mere execution of an agreement between vendor and vendee. This interpretation would not be within the reason or language of the act. In accordance with this reasoning and view, we would sustain the mercantile appraiser and the treasurer and dismiss the appeal.

Dismiss the aforesaid appeal on the authority hereinabove recited in Westmoreland County and in our own County of Luzerne.