## GENERAL MOTORS ACCEPTANCE CORPORATION v. HORTON.

### No. 5803.

Circuit Court of Appeals, Third Circuit.

Aug. 6, 1936.

Rehearing Denied Sept. 22, 1936.

Hugh D. Scott, Jr., of Philadelphia, Pa., for appellant.

Walter G. Dugger and Felix & Felix, all of Philadelphia, Pa., for appellee.

Louis Caplan, Charles H. Sachs, and Sachs & Caplan, all of Pittsburgh, Pa., amici curiæ.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal in which the appellant is assignee of a contract, the nature of which is under dispute. Under the contract the Voice Motor Company of Philadelphia delivered a car to the Kamens Quality Market, Inc., hereinafter called the lessee, and then assigned the contract to the appellant. The lessee became bankrupt, and the appellant seeks to gain possession of the automobile under the terms of the contract from the lessee's trustee in bankruptcy.

The appellant contends that the contract in question is a bailment lease, but the appellee says it is a conditional sale. If the transaction was a conditional sale, title to the automobile was in the lessee and passed to its trustee in bankruptcy as of the date of the filing of the petition; but if the contract was a lease, title did not pass and the property belongs to the appellant.

The contract is in the form of a lease and provides for a definite term, a fixed rental, and an agreement for the return of the automobile at the end of the term. It is true that the so-called rentals amount to more than the regular purchase price of the automobile, which was $827, while the total rentals amount to $952. The first installment or rental due upon delivery was $268, and the following rentals were $38 per month. When the total rentals were paid, the "lessee" either had to surrender the automobile, or he could purchase it for the nominal sum of $1. The contract further provided that the appellant might repossess or "resell" the automobile upon noncompliance by the lessee with the terms of the contract. The term "resell" indicates that the first transaction was a sale and not a bailment lease, but that term stands alone and is not in harmony with the other provisions of the contract, and so is not decisive of the issue.

It is evident that the parties to the contract intended by it to accomplish two results: First to retain, in the lessor, title to the automobile as against the bankruptcy or other unfortunate circumstances of the lessee; and, secondly, to provide that the lessee might, after payment of all the rentals, purchase the automobile for a nominal sum. It must be admitted that this transaction in fact, though not in form, amounted to a conditional sale. But to construe such contracts as bailment leases is a policy, regardless of what may be thought of it as a principle of law or business, which has long been pursued in Pennsylvania, and her courts have uniformly sustained them as bailment leases. General Motors Acceptance Corporation v. Hartman, 114 Pa.Super. 544, 174 A. 795; Leitch v. Sanford Motor Truck Co. et al., 279 Pa. 160, 123 A. 658; Commonwealth v. Motors Mortgage Corporation, 297 Pa. 468, 147 A. 98. This court has felt constrained to follow the decisions of the Pennsylvania courts in construing such contracts. Gotthold v. Crompton & Knowles Loom Works (C.C.A.) 4 F.(2d) 50; Jacquard Knitting Machine Co. v. Vennell (C.C.A.) 59 F.(2d) 496.

The decree is reversed, and the cause remanded to the District Court for further procedure in accordance with this opinion.