In re AMERICAN STORAGE & MOVING CO.

No. 18389.

District Court, E. D. Pennsylvania.
Aug. 12, 1936.

M. Norman Du Bois, of Philadelphia, Pa., for trustee.

Wm. Potter Davis, Jr., of Philadelphia, Pa., for claimant.

MARIS, District Judge.

This is a petition by the trustees in bankruptcy of the American Storage & Moving Company for a review of the order of the referee sustaining the petition of the Atlas Automobile Finance Corporation for the reclamation of two motor vehicles, one a GMC truck and the other a Plymouth sedan. Both vehicles were held by the bankrupt under bailment leases from the claimant. The leases provided for a definite term, for the payment of a fixed monthly rental, and for the return of the vehicles to the lessor at the expiration of the term. There was a further provision that within three days after the expiration of the term the lessee might purchase the vehicles upon the payment of the further sum of $1.

The trustees contended that, although in form bailment leases, these agreements were in reality conditional sales, and, not having been filed as required by the Conditional Sales Act of Pennsylvania (section 4 et seq. [69 P.S.Pa. § 361 et seq.]), they were void as against the trustees in bankruptcy of the lessee. There is no doubt but that the parties had in mind the sale of these vehicles. It is equally clear from the testimony that they did not intend a sale on credit, and, since the purchaser was not in position to pay cash, they adopted the method of leasing the vehicles to the purchaser upon bailment leases, and thus giving it possession of them pending payment of the rental and the final consummation of the sale at the end of the term of the lease. This is a perfectly valid and legal transaction under the law of Pennsylvania and enforceable against creditors of the bailee. Brown Bros. v. Billington, 163 Pa. 76, 29 A. 904, 43 Am.St.Rep. 780; Leitch v. Sanford Motor Truck Co., 279 Pa. 160, 123 A. 658; General Motors A. Corp. v. Hartman, 114 Pa.Super. 544, 174 A. 795. This court must follow the decisions of the Pennsylvania courts upon this question. B. F. Hoffman, Inc., v. Richman (C.C.A.) 75 F.(2d) 823; General Motors Acceptance Corp. v. Horton, 85 F.(2d) 452, decided by the Circuit Court of Appeals for the 3rd Circuit, August 6, 1936.

The bailment leases here involved are therefore perfectly valid against the trustees in bankruptcy of the lessee unless the bailor at and before the time the leases were made did not have possession of the leased vehicles. So far as the GMC truck is concerned, no such question is or can be raised, since it was purchased by the claimant from a third party more than six months prior to the execution of the lease and remained in claimant's possession dur-

ing that entire period. The trustees, however, do raise this question with regard to the Plymouth sedan. The facts were that this car was owned by Warren Webb, Inc., a dealer in automobiles, who had negotiated with the bankrupt for its purchase. On June 1, 1934, the claimant company received a telephone call from an employee of Warren Webb, Inc., who asked if the claimant would purchase a new Plymouth sedan for $570, and thereafter lease it to the bankrupt. A representative of the claimant thereupon called at the place of business of Warren Webb, Inc., and agreed to purchase the automobile for that price. At the same time a representative of the bankrupt called, and, after discussion, agreed to lease the automobile with the right to purchase it after the expiration of the lease. The representative of the claimant then delivered its check to Warren Webb, Inc., in payment for the automobile, and the referee found as a fact from the evidence that immediately thereafter the automobile was driven out to the street adjoining the place of business of Warren Webb, Inc., that the representative of the claimant entered and took possession of it, and that thereafter the bankrupt company executed the bailment lease and took possession of the automobile from the representative of the claimant company and continued in possession thereof until bankruptcy took place.

It thus appears that the claimant did have actual, open, and notorious possession of the car before the lease was made, and that the bankrupt company, after signing the lease, received possession of the car from it. This, in our opinion, is sufficient to support the bailment lease and to render it entirely valid as against creditors of the bailee. It is also to be noted that this is not a case where the bailee formerly had possession, but gave it up to the bailor in order that a bailment lease might be executed back to him. Here the bailee never had possession prior to the time that it received the car from the claimant, and, while the claimant's possession may have been brief, its brevity could not prejudice the creditors of the bailee who could have no reason to think that the latter had any interest in the car prior to the time the bailment lease was executed. In this sense the possession of claimant's vendor Warren Webb, Inc., might be said to be tacked on to that of claimant for the purpose of supporting the validity of the bailment

lease. This case is clearly distinguishable from those of which Commercial Banking Corp. v. Meade, 104 Pa.Super. 447, 159 A. 180, is an example. In that case the car had been put into the possession of the bailee by the vendor of the Commercial Banking Corporation before it received the bill of sale and before it executed the bailment lease. It was therefore quite properly held that the transaction was that of a loan, rather than a lease; that the relation between the parties was that of debtor and creditor and not bailor and bailee.

The order of the referee is confirmed, and the petition for review dismissed.