## In re REDMOND.

### No. 18646.

District Court, E. D. Pennsylvania.

Aug. 21, 1936.

Frederick H. Spotts, of Philadelphia, Pa., for petitioner.

Jacob K. Miller and Austin Norris, both of Philadelphia, Pa., for trustee.

MARIS, District Judge.

The Philadelphia National Bank, as assignee, filed a claim against the bankrupt for rental alleged to be due under a bailment lease of a printing press prior to the institution of replevin proceedings under which the press was repossessed by the bank. The amount then due was $1,475, and after crediting a payment on account and adding interest it came to $1,502.74. In opposition to this claim it was shown by the trustee that in the replevin suit, after the bankrupt had filed an affida-

vit of defense, an agreement of settlement was entered into under which a verdict in the suit in the sum of $572.76 was to be taken, which sum was to be in full settlement of all claims under the lease, that a verdict in this sum was actually taken, and that of this amount the bankrupt actually paid $425, leaving a balance of $147.75 due. Trustee's contention was that this amount only was provable by the bank as a claim against the bankrupt estate. The referee so held and the bank has brought the matter to us for review.

The referee did not decide the effect of the agreement of settlement, but based his decision upon the proposition that the bailment lease involved was in reality an agreement of conditional sale, and since it was not filed as required by the Pennsylvania Conditional Sales Act (69 P.S.Pa. § 361 et seq.) it was invalid as against the trustee in bankruptcy and, therefore, could not support the claim of the bank for payments due by the bankrupt thereunder.

With this view we disagree. In our opinion the bailment lease in this case met the tests laid down by the law of Pennsylvania and must be held to be what it purported to be, namely a bailment lease of the printing press with an option to the bailee to purchase the same at the expiration of its term. Such agreements are undoubtedly valid and enforceable in accordance with their terms. B. F. Hoffman, Inc. v. Richman (C.C.A.) 75 F.(2d) 823; General Motors Acceptance Corp. v. Horton, 85 F.(2d) 452, decided by the Circuit Court of Appeals for the Third Circuit, August 6, 1936. However, whether the contract was one of bailment lease or conditional sale seems to us to be immaterial, since the question here was not whether the title of the bailor (or vendor), to the chattels involved was void against levying creditors or the bankruptcy trustee of the bailee. His title had been established by a replevin action more than four months before these proceedings were instituted and was not in question. The question here is whether the sums due under the agreement, whatever its nature, by the bankrupt to the bank at the time the press was repossessed by the latter constitute a valid indebtedness which may be the subject of a claim in bankruptcy. This question depends, as we see it, on whether the contract itself was a valid agreement between the parties, and of this there could be no question. Consequently

the amount claimed by the bank thereunder may be proved against the bankrupt estate unless the agreement between the parties in settlement of the replevin constitutes a valid accord and satisfaction barring it.

This brings us to the consideration of the agreement dated November 17, 1933, between the parties in settlement of the replevin action. It was in terms as follows:

"Memorandum of agreement, made and concluded this seventeenth day of November, A. D. 1933, between Frederick H. Spotts, attorney for above named Philadelphia National Bank, use plaintiff, and Charles C. Gartling, attorney for above named defendant, Witnesseth:

"That it is hereby mutually agreed that the Court of Common Pleas No. 2 is to be requested to direct a verdict in the above entitled proceedings in favor of plaintiff and damages to be awarded in the sum of $572.75, when the case is called for trial on Friday, October 17, 1933, in Room 253 City Hall.

"That judgment is not to be entered upon said verdict unless and until defendant defaults in the payment of the amount of said verdict, $572.75, as follows:

$150.00 on or before November 29, 1933,
$150.00 on or before December 29, 1933,
$150.00 on or before January 29, 1934,
$122.75 on or before March 1, 1934.

"Provided that when the full payment of the said amount of $572.75 has been paid by defendant, then judgment is to be taken upon said verdict and the said judgment is to be taken upon said verdict and the said judgment satisfied forthwith by said Frederick H. Spotts, attorney as aforesaid.

"That in case of default in any of the payments as above mentioned, the said use-plaintiff shall have the option to take judgment upon said verdict and issue execution thereon, notwithstanding anything in this agreement to the contrary.

"It is further understood that when said payment of $572.75 has been made as aforesaid, that in addition to satisfying the judgment to be taken upon said verdict, as aforesaid, said use-plaintiff will return, marked cancelled, the unpaid remaining notes given and executed by the defendant on account of the payments to be made in accordance with the agreement made with the Miller Printing Machinery Co., as follows:

Note for $125.00, due May 16, 1932, and

Note for $6250.00, due June 16, 1932, together with the other notes given by defendant to use-plaintiff or its assignors, and paid prior to suit brought herein.

"It is further mutually agreed that the verdict to be taken, as aforesaid, and the payment of $572.75 shall be in full compromise settlement of any claims of use-plaintiff, and/or the Miller Printing Machinery Co., aforesaid, on account of a bailment lease, the subject matter of the suit instituted in the above entitled proceedings, as well as the notes given by defendant to the said Miller Printing Machinery Co., in accordance with the terms of said lease, or any notes substituted. in place thereof, as provided by the terms of the said lease, a copy of which is attached as Exhibit A to the Statement of Claim filed in the above entitled proceedings.

"Frederick H. Spotts,

"Attorney for The Philadelphia National Bank, Use-Plaintiff

"Charles C. Gartling,

"Attorney for Defendant."

 Does the foregoing agreement constitute an accord and satisfaction which bars the claim of the bank for all except the amount unpaid under it? Considering this question, we must bear in mind that to constitute a bar to an action on the original claim, an accord must be fully executed unless the agreement or promise contained therein, instead of the performance thereof, is accepted in satisfaction. · An accord without satisfaction is no bar. If, however, the claimant intends to accept the promise in satisfaction of the original demand, the giving of the promise will operate as a satisfaction of the debt if it is founded on a new consideration. Laughead v. H. C. Frick Coke Co., 209 Pa. 368, 58 A. 685, 103 Am.St.Rep. 1014. Here the accord was reached in settlement of a replevin action between the parties which was being contested by the defendant, the present bankrupt, and was then pending for trial. The agreement provides for the taking of a verdict in that proceeding in favor of the plaintiff with damages to be awarded to it in the sum of $572.75 by the verdict of the jury. It seems quite obvious that there was a controversy between the parties, not only as to the amount due by the defendant to the bank, but also as to the bank's title to the printing press which was the subject of the replevin action. By the verdict, which was agreed upon, this question of title was resolved in favor of the bank, which was a sufficient consideration for its agreement to accept a verdict for $572.75 in settlement of its larger claim. But did the bank accept the verdict and the defendant's agreement to pay it in satisfaction of the prior claim? We think it did. As we have pointed out, the agreement was entered into in connection with the settlement of. an existing replevin action. It contemplated the termination of that action by verdict upon a basis satisfactory to the parties. The agreement accordingly provides that such a verdict shall be taken and in our opinion the taking of the verdict with its consequent liquidation of the sum due constituted the satisfaction contemplated by the parties. It is true that the agreement provides for the payment of the verdict in certain installments and for the entry and satisfaction of judgment thereafter. If at this point no provision had been made for the rights of the bank in case of default in payment of the verdict, then a plausible argument might be made that it was contemplated that the bank should be restored to its original position. However, far from providing that the original obligation should be revived, the agreement expressly provides that "in case of default in any of the payments as above mentioned, the said use-plaintiff shall have the option to take judgment upon said verdict and issue execution thereon, notwithstanding anything in this agreement to the contrary." While the use of the word "option" did not tend to clarity, it seems reasonably clear to us that it was used in the sense of a right, alternative or additional to those previously given to the bank by the agreement. It could not have meant that the bank had the right either to claim $572.75, or $1,475 at its election, since such a provision would be an absurdity.

 In reaching our conclusion we have not overlooked the fact that the agreement provides that when the payment of $572.75 has been made, in addition to satisfying the judgment to be taken upon the verdict, the bank is to return, canceled, the remaining notes held by it under the bailment lease. There is no right given by the agreement to enforce these notes as independent obligations under any circumstances, and they must, therefore, be held at the most to be merely collateral security for the amount agreed upon in settlement. As such they cannot be made the basis for the proving

of a claim by the holder against the bankrupt estate. First Nat. Bank of Beaumont v. Eason (C.C.A.) 149 F. 204. Nor have we overlooked the language in the last paragraph of the agreement that "the verdict to be taken as aforesaid, and the payment of $572.75 shall be in full compromise settlement of any claims." In our opinion this provision that the payment, as well as the verdict, shall be in full settlement is not sufficient to negative the intent, which we believe to be clear from the whole instrument, that the verdict in termination of the replevin suit was to be taken and accepted in full satisfaction of the pre-existing liability, and that the bank's rights, in case of default in payment of the verdict, were limited to those expressly given it in the agreement itself.

The order of the referee is accordingly confirmed, and the petition of the Philadelphia National Bank for review thereof denied.